

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-91,480-01

### EX PARTE JOHN EDWARD NUGENT, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F16-948-16 (WHC 1) IN THE 16TH DISTRICT COURT
### FROM DENTON COUNTY

*Per curiam.* YEARY, J. dissents.

### O R D E R

Applicant was convicted of possession of controlled substance and sentenced to seven years'

imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus

in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC.

art. 11.07.

Applicant alleges that the Texas Board of Pardons and Paroles (TBPP) has not given him a timely

final parole revocation hearing. The State and the trial court recommend granting relief under this Court's

unpublished decision in *Ex parte Palma*[1], however that case is distinguishable from the facts of this case. In both this case and *Palma*, the applicants had been arrested for new charges, but no indictments had been filed within forty-one days after the execution of the parole revocation warrant. TEX. GOV'T CODE Sec. 508.282(a)(1)(A). TBPP therefore failed to conduct timely parole revocation hearings in these cases. In Palma's case, no indictment was filed while the habeas application was pending and this Court ordered TBPP to withdraw its pre-revocation warrant because Applicant was being held past the date of any timely revocation hearing.

In this case, an indictment was filed on the new charge while this habeas was pending. He is now being held on both the parole revocation warrant and the new indictment. Because the indictment on the pending charge has been entered, the forty-one day deadline no longer applies and this application has been rendered moot. TEX. GOV'T CODE Sec. 508.282. We therefore dismiss the application.

Filed: September 16, 2020
Do not publish

---

[1] WR-90,415-01 & WR-90,415-02 (Tex. Crim. App. Dec. 11, 2019)(not designated for publication). The dissent is published at 588 S.W.3d 279 (Tex. Crim. App. 2019).